OPINION OF THE COURT
Alfred D. Lerner, J.
This is an uncontested action for a divorce. The action was commenced by the service of a summons with notice, but no complaint. A question has arisen as to whether a judgment may be granted without such a complaint in view of section 202.21 (i) (2) of the Uniform Rules for Trial Courts (22 NYCRR), which provides:
"(i) Additional requirements in respect to undefended matrimonial actions. * * *
*365 "(2) There shall be filed with the appropriate clerk in undefended matrimonial actions: the index number, calendar number, summons, verified complaint, proof of service, plaintiffs establishment of jurisdiction pursuant to section 230 of the Domestic Relations Law, together with the presentation of all the elements warranting the relief sought, affidavit as to military status of the defaulting party, affidavit of regularity, proposed findings of fact and conclusions of law, proposed judgment, certificate of dissolution and affidavit as to child’s residence (Domestic Relations Law, section 75-j) (if there are any children of the marriage under 18 years of age and the defendant has not appeared).”
The plaintiffs attorney has argued that this rule is in conflict with section 232 of the Domestic Relations Law. Sections 211 and 232 (a) (2) (a) of the law permit the commencement of an action by serving a summons with notice or alternatively a summons and complaint. This is consistent with CPLR 305 (b); 3012 (b) and 3215 (e). The Uniform Rules for Trial Courts have been adopted pursuant to CPLR 3401 which provides:
"Rule 3401. Rules for the hearing of causes.
"The chief administrator of the courts shall adopt rules regulating the hearing of causes, which may include the filing of notes of issue, the preparation and publication of calendars and the calendar practice for the courts of the unified court system. Insofar as practicable, such rules within the city of New York shall be uniform.”
Section 202.21 (i) (2) of those rules (22 NYCRR) regulates the hearing of causes and accordingly its adoption is within the power of the Chief Administrator. The issue is whether he intended by the rule to preclude the placing of a cause on the Undefended Matrimonial Calendar where the action was commenced by one of the alternative methods authorized by the Domestic Relations Law.
In the opinion of the court the proper interpretation of section 202.21 (i) (2) of the Uniform Rules for Trial Courts (22 NYCRR) is that a complaint need only be filed where the action was commenced by service of a summons and complaint and not where it has been commenced pursuant to section 211 of the Domestic Relations Law, by service of a summons containing the notice designated in section 232.
This interpretation is consistent with the approved forms for matrimonial judgments contained in Appendix A-2 of the *366 Uniform Rules for Trial Courts (McKinney’s 1989 Rules of Ct, at 275). These forms are required to. be used, inter alia, in the preparation of the "judgment”. (Uniform Rules for Trial Cts, 22 NYCRR 202.50 [b].) The section of the approved forms pertaining to service of process provides:
"Service of Process
"and the summons bearing the notation ('Action for a Divorce’) ('Action for a Separation’) ('Action to Annul a Marriage’) ('Action to Declare the Nullity of a Void Marriage’) and a statement of any ancillary relief demanded having been duly served upon the defendant (personally within this State) (Personally without this State by publication)”. (McKinney’s 1989 Rules of Ct, at 277.)
It would appear from this form that the Chief Administrator did not intend that a complaint had to be filed in an undefended matrimonial commenced by the service of a summons with notice.
Moreover, if there is some inconsistency between the rule and the Domestic Relations Law, the court finds that such inconsistency constitutes good cause to waive strict compliance with the rule in the interest of justice, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.1 (b).
Accordingly, since all other requirements have been satisfied, the judgment is signed herewith.